**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| DARREN GERRARD CLAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15CR364-6 |
| | ) | 1:16CV1387 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**</u>

This case comes before the undersigned United States Magistrate Judge for recommendations on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 180) (hereinafter "Section 2255 Motion") and his Motion for Default Judgment (Docket Entry 195).[1] For the reasons that follow, the Court should deny the instant Motions, except that the Court should order an evidentiary hearing on Petitioner's claims (asserted for the first time in his Reply) that his counsel provided ineffective assistance when she (1) "fail[ed] to raise th[e] issue [of a Minor Role reduction under U.S.S.G. § 3B1.2(b)] on 'Direct Appeal' even-though [he] requested that [she] do so" (Docket Entry 204 at 5), and (2) "withheld the fact that [Petitioner] would have been allowed to plead guilty to 37 months under [a] Fed. R. Crim. P. Rule 11-c-1-c plea" (<u>id.</u> at 10).

---

[1] Parenthetical citations refer to Petitioner's criminal case.

<u>INTRODUCTION</u>

This Court (per Senior United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 57 months, upon his guilty plea to conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Docket Entry 148; <u>see also</u> Docket Entry dated Jan. 20, 2016 (documenting Petitioner's guilty plea); Docket Entry 196 (Sent'g Hrg. Tr.).) He did not appeal (Docket Entry 180 at 2;[2] <u>see also</u> Docket Entries dated May 19, 2016, to present), but did timely file his instant Section 2255 Motion (Docket Entry 180). The United States timely responded (Docket Entry 197)[3] and Petitioner replied (Docket Entry 207).

---

[2] Petitioner's Section 2255 Motion consists of 13 standard form pages and two supplemental pages labeled "MEMORANDUM." Pin citations to the Section 2255 Motion refer to the page numbers that appear in the footer appended upon filing via the CM/ECF system.

[3] By Order dated December 8, 2016, the Court (per the undersigned Magistrate Judge) directed the United States to file any response to Petitioner's Section 2255 Motion by February 6, 2017. (Docket Entry 184 at 1.) Upon timely motion by the United States (Docket Entry 190), the Court (per United States District Judge Thomas D. Schroeder) later extended that deadline to April 7, 2017 (Docket Entry 191 at 1). The United States then filed its Response on April 6, 2017. (<u>See</u> Docket Entry 197 (reflecting filing date).) Given those circumstances, the Court should deny Petitioner's Motion for Default Judgment (Docket Entry 195). Moreover, default judgment procedures do not apply in the habeas context and (even if they did) Petitioner has not satisfied the requirements for a default judgment. <u>See generally</u> <u>United States v. Manriques</u>, Nos. 1:10CR440-1, 1:13CV444, 2013 WL 5592191, at *1-3 (M.D.N.C. Oct. 10, 2013) (unpublished), <u>recommendation adopted</u>, slip op. (M.D.N.C. Dec. 31, 2013).

2

DISCUSSION

Petitioner's Section 2255 Motion asserts two grounds for relief:

1) "[t]his [C]ourt should consider the factors identified in Amendment 794" (Docket Entry 180 at 14; <u>see also</u> <u>id.</u> at 4 (stating "<u>SEE ENCLOSED MEMORANDUM</u>" under heading "GROUND ONE" (emphasis in original)), 14 ("It is in the light of the newley [sic] Amended U.S.S.G. §§ [sic] 3B1.2 that this petition is filed . . . ."), 15 ("[P]etitioner was simply a <u>low level participant.</u> . . . [P]etitioner was only a minor participant in this case." (emphasis in original))); and

2) "[P]etitioner's attorney never argued a minor role reduction in this case" (<u>id.</u> at 5 (appearing under heading "GROUND TWO")).

Petitioner's Reply presents five additional grounds for relief:

1) prosecutorial misconduct, ineffective assistance of counsel, and judicial due process violation, all due to the United States, Petitioner's counsel, and the Court "not affording [Petitioner] a meaningful opportunity to review the discovery before considering whether to plead guilty or elect to go to a jury trial" (Docket Entry 204 at 2);

2) ineffective assistance by Petitioner's counsel in "failing to raise th[e] issue [of a Minor Role reduction under U.S.S.G.

3

§ 3B1.2(b)] on 'Direct Appeal' even-though [Petitioner] requested that [his counsel] do so" (id. at 5);

3) the United States "[c]onstructively [a]mended [Petitioner's] Indictment" because "the crimes charged in his [I]ndictment were different than those charges that both the Court & [the United States] enhanced [Petitioner] for during sentencing" (id. at 7);

4) ineffective assistance "on the ground that [Petitioner's] lawyer failed to properly & timely investigate [the] case and comply with the[] requirements of [outlining the strengths and weaknesses of the case and providing an estimate of Petitioner's sentencing exposure at trial]" (id. at 9); and

5) ineffective assistance because Petitioner's counsel "withheld the fact that [Petitioner] would have been allowed to plead guilty to 37 months under [a] Fed. R. Crim. P. Rule 11-c-1-c plea" (id. at 10).[4]

---

[4] Generally, courts will not consider collateral challenges presented for the first time in a reply (rather than in a proper amendment to a habeas petition). See White v. Keller, No. 1:10CV841, 2013 WL 791008, at *3 (M.D.N.C. Mar. 4, 2013) (unpublished). However, Petitioner's Reply does list as an item of requested relief permission "to supplement under Fed. R. Civ. P. Rule 15, his §2255 Petition with 'Discovery Violations' & 'Fed. R. Civ. P. Rule 11 Violations' . . . ." (Docket Entry 204 at 10.) Accordingly, in light of the obligation of liberal construction of pro se filings, the undersigned Magistrate Judge has elected to address the claims newly asserted in Petitioner's Reply.

4

<u>Amendment 794</u>

"In 2015, the Sentencing Commission promulgated Amendment 794, revising the commentary for § 3B1.2 based on its findings that courts were applying the mitigating role reduction inconsistently and too sparingly." <u>United States v. Ruiz</u>, No. 16-4585, 2017 WL 1507797, at *1 (4th Cir. Apr. 27, 2017) (unpublished); <u>see also</u> <u>United States v. Salas-Macias</u>, No. 2:15CR20032-PHK-MEF-2, 2017 WL 655525, at *6 (W.D. Ark. Jan. 26, 2017) (unpublished) ("Amendment 794 provided clarification of the factors a court is to consider in determining whether a defendant should receive a reduction under U.S.S.G. § 3B1.2 for being a minimal or minor participant in an offense."). According to Petitioner "there was no relief available for the minor role reduction at the time of [his] sentencing (May 16th 2015) [because] relief [under Amendment 794] came into play on (November 1, 2015) . . . and not at the time of [his] sentencing." (Docket Entry 180 at 15 (parentheses in original).) In fact, the Court (per Judge Beaty) sentenced Petitioner on May 19, 2016 (<u>see</u> Docket Entry 196), well after Amendment 794's modifications to Section 3B1.2's commentary became effective on November 1, 2015. "Because the Court applied a version of the Guidelines that already included Amendment 794, Petitioner is not entitled to relief." <u>United States v. Rodriquez-Rodriquez</u>, Nos. 15-20008-01-JAR, 16-2562-JAR, 2017 WL 957355, at *3 n.20 (D. Kan. Mar. 13, 2017) (unpublished). Moreover, to the extent Petitioner contends the

5

Court should have granted him a Minor Role reduction under Section 3B1.2(b), he cannot pursue that contention via Section 2255.  See generally United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (deeming Guideline errors non-cognizable under Section 2255).

In sum, Petitioner's claim for collateral relief based directly on Amendment 794 lacks merit.

Ineffective Assistance – Minor Role

Petitioner possessed a federal constitutional right to effective assistance of counsel in his federal criminal case.  See U.S. Const. amend. VI; McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  To make out an ineffective assistance claim, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted.  See Strickland v. Washington, 466 U.S. 668, 687–94 (1984).  "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one."  Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) ("To meet th[e prejudice] element of an ineffective assistance claim, [the defendant] would have to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the

result of the proceeding was fundamentally unfair or unreliable."
(internal quotation marks omitted)).

Ground Two of Petitioner's Section 2255 Motion appears to fault his counsel for not seeking a Minor Role reduction under Section 3B1.2(b).  (See Docket Entry 180 at 5.)  As the United States Court of Appeals for the Fourth Circuit recently explained:

> The [Section 3B1.2] commentary specifies that the minimum role inquiry should be fact-specific and based on the totality of the circumstances.  The commentary [to Section 3B1.2] also provides a nonexhaustive list of factors for consideration in determining whether to apply a mitigating role reduction:
>
> > (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> >
> > (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> >
> > (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> >
> > (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
> >
> > (v) the degree to which the defendant stood to benefit from the criminal activity.

Ruiz, 2017 WL 1507797, at *1-2 (internal citation and brackets omitted) (quoting U.S.S.G. § 3B1.2 cmt. n.3(C)).

7

As concerns those factors, Petitioner's Section 2255 Motion simply makes these conclusory allegations:

> [Petitioner] was not <u>the</u> organizer of this conspiracy . . . . He did not exercise any significant degree of control of decision making authority of this criminal activity. He did not retain any portion of the profits for himself. [He] was nothing more than a substance abuser himself. . . . [He] had NO control over the crime, to include control over the higher level individuals involved.

(Docket Entry 180 at 15 (emphasis added).) Notably, Petitioner did <u>not</u> deny <u>fully</u> "underst[anding] the scope and structure of the criminal activity," U.S.S.G. § 3B1.2 cmt. n.3(C)(i), <u>significantly</u> "participating in planning . . . the criminal activity," U.S.S.G. § 3B1.2 cmt. n.3(C)(ii), and/or <u>extensively</u> "participati[ng] in the commission of the criminal activity," U.S.S.G. § 3B1.2 cmt. n.3(C)(iv). (<u>See</u> Docket Entry 180 at 15.)

Further, the evidence at Petitioner's sentencing hearing showed that, during the investigation of the drug conspiracy,

> [Petitioner] acknowledged that he had been involved in drug distribution for several years. He acknowledged that he had intimate knowledge of [co-conspirator Constantino Alvarez Santana] and knew the quantities and amounts of crystal methamphetamine and cocaine that [Alvarez Santana] was distributing. [Petitioner] admitted that he had been dealing with [Alvarez Santana] for quite some time and had been receiving amounts on a weekly or biweekly basis.
>
> . . . .
>
> [Petitioner] would purchase approximately one-fourth ounce of powder cocaine [from Alvarez Santana] every week for approximately one year or so and he would purchase approximately the same amount of crystal methamphetamine

8

every two weeks or so during that same time period. Because [Petitioner] didn't have a reliable client base for crystal methamphetamine he didn't actually obtain as much [of that substance] from [Alvarez Santana].

. . . .

[Petitioner] spoke about knowledge that he had of who [] Alvarez Santana was dealing with and amounts that [Alvarez Santana] would . . . actually distribute to them, to include [Petitioner's] codefendant[] Jeffrey Brady, as well as [Brady's] son, a Brandon Edwards.

(Docket Entry 196 at 16-17.) That evidence (particularly regarding Petitioner's acknowledgment that he regularly purchased significant quantities of drugs over an extended period of time in amounts of his choosing and that he sold those drugs to his own "client base") not only indicates that Petitioner exercised discretionary decision-making while extensively participating in the drug conspiracy, but also belies his bald denial of profiting from it. Similarly, the evidence that Petitioner possessed detailed knowledge of the activities of other coconspirators confirms that he well understood the scope and structure of the drug conspiracy.

Under these circumstances (and given the substantial deference accorded counsel, as well as Petitioner's burden to show prejudice), his conclusory allegations of ineffective assistance related to the Minor Role adjustment fall short. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[C]onclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." (internal

9

quotation marks omitted)); Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.) (rejecting collateral claim as "conclusory, speculative, and unsupported"); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations [in a motion under Section 2255] do not warrant an evidentiary hearing, much less relief.") (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)), appeal dismissed, No. 14-7424, 2015 WL 1543893 (4th Cir. Apr. 8, 2015) (unpublished); Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.) ("[The p]etitioner has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland analysis."), recommendation adopted, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.); see also Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . .")).

### Opportunity to Review Discovery before Plea

Petitioner has alleged that the United States "had an automatic obligation to hand over all core exculpatory &

10

impeachment material evidence over [sic] to [Petitioner] within 14 days of his arraignment and failed to do so, in violations [sic] of the Local Rules of the United States District Court, Fed. R. Crim. P, Rule 16, within the meaning of three United States Supreme Court cases: Brady, Giles & Giglio . . . ." (Docket Entry 204 at 2; see also id. ("[Petitioner] pleaded guilty without the meaningful opportunity to review the discovery timely within 14 days of his arraignment. Which [sic] not only violated the Discovery rules under the Local Rules of the United States District Court Rules 42(a)(5) 1986 & 116.1(a)((5) [sic] 1990. And [sic] also violated Fed. R. Crim. P. Rule 16, within the meaning of Brady, Giles & Giglio, and Fed. R. Crim, P. Rule 11, plea hearing.").) According to Petitioner, that failure by the United States constituted "egregious governmental misconduct," the failure of Petitioner's counsel to challenge the lack of timely disclosure by the United States amounted to "core ineffectiveness," and "this Court's failure to order the [United States] to comply [thereby] not affording [Petitioner] a meaningful opportunity to review discovery before considering whether to plead guilty or elect to go to trial [caused] a due process violation [to] occur[], and it was not harmless error." (Id.) These allegations warrant no relief.

As an initial matter, this Court's Local Rules lack any 14-day, post-arraignment disclosure deadline.[5] Nor do Rules 11 and/or 16 of the Federal Rules of Criminal Procedure impose any such specific deadline. Similarly, although _Giglio v. United States_, 405 U.S. 150 (1972), _Giles v. Maryland_, 386 U.S. 66 (1967), and _Brady v. Maryland_, 373 U.S. 83 (1963), require prosecutors "to produce exculpatory evidence . . . [and] all information which might arguably be used to impeach or discredit a government witness at trial," _United States v. Stroop_, 121 F.R.D. 269, 273 (E.D.N.C. 1988), "a specific mandate on the timing of these disclosures has not been established[ and] the Fourth Circuit has held that there is no violation of due process so long as the government discloses exculpatory and impeachment evidence to a defendant 'in time for its effective use _at trial_,'" _United States v. Rogers_, No. 5:11CR218H, 2011 WL 13123875, at *3 (E.D.N.C. Nov. 2, 2011) (unpublished) (quoting _United States v. Smith Grading & Paving, Inc._, 760 F.2d 527, 532 (4th Cir. 1985)) (emphasis added).

In other words, "[t]he Government's failure to provide discovery before the entrance of a guilty plea does not invalidate that plea." _Brooks v. United States_, No. 3:08CV565RJC, 3:06CR115-1-RJC, 2012 WL 79251, at *3 (W.D.N.C. Jan. 11, 2012)

---

[5] The rules cited by Petitioner apparently once existed in the District of Massachusetts. _See_ _Ferrara v. United States_, 456 F.3d 278, 292 (1st Cir. 2006).

12

(unpublished), <u>appeal dismissed</u>, 472 F. App'x 155 (4th Cir. 2012); <u>see also</u> <u>United States v. Daisi</u>, 510 F. App'x 194, 196 (3d Cir. 2013) ("[The defendant] appears to assert that he should be permitted to withdraw his plea because he was not granted any discovery before entering the guilty plea. . . . [The defendant's] knowing and voluntary plea constituted a waiver of any right he may have had to receive documents . . . ." (internal citation and quotation marks omitted)).  Likewise, because Petitioner has made clear that he does not want to proceed to trial (but instead only desires the opportunity to enter a guilty plea carrying a lesser sentence) (<u>see</u> Docket Entry 204 at 10 (asking Court to "allow [Petitioner] to take his plea back & be allowed to plead guilty to 37 months under [a] Fed. R. Crim. P. Rule 11-c-1-c plea")), he cannot show the required prejudice for a plea-related, ineffective assistance claim, <u>see</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985) ("[T]o satisfy [<u>Strickland</u>'s] 'prejudice' requirement, [a habeas petitioner alleging inadequate representation regarding a guilty plea] must show that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial.").

<u>Ineffective Assistance – Failure to Appeal</u>

According to Petitioner, his attorney rendered "clearly & concededly ineffective assistance of counsel for failing to raise th[e Minor Role reduction] issue on 'Direct Appeal' even-though

13

[Petitioner] requested that [his attorney] do so." (Docket Entry 204 at 5.) "Once [a federal criminal defendant] unequivocally instruct[s] his [or her] attorney to file a timely notice of appeal, [the] attorney [i]s under an obligation to do so." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); id. at 485 ("[A] defendant, by instructing counsel to perfect an appeal, objectively indicate[s] his [or her] intent to appeal and [i]s entitled to a new appeal without any further showing [of prejudice].").  As Petitioner has recognized (see Docket Entry 204 at 10), the United States should have an opportunity to contest any viable issue raised in his Reply.  If Petitioner's former counsel denies ignoring a directive from Petitioner to appeal, resolution of this claim will require an evidentiary hearing.  See Poindexter, 492 F.3d at 273.  Given the delay that securing Petitioner's presence from the Bureau of Prisons inevitably will entail, judicial efficiency interests appear to favor the setting of such a hearing without awaiting a written response from the United States.[6]

_____

[6] The United States, however, promptly should make contact with Petitioner's former counsel regarding this matter.  If said counsel admits failing to appeal despite an unequivocal instruction
(continued...)

14

<u>Constructive Amendment</u>

Petitioner's Reply also seeks relief on the ground that the United States "[c]onstructively [a]mended [his] Indictment" because "the crimes charged in his [I]ndictment were different than those charges that both the Court & [the United States] enhanced [Petitioner] for during sentencing." (Docket Entry 204 at 7.) For Sentencing Guidelines purposes, the drug amounts attributable to a defendant who participated in a drug conspiracy do not depend on the quantity of drugs charged in the indictment. <u>See</u> <u>United States</u> <u>v. Crawford</u>, 734 F.3d 339, 342 (4th Cir. 2013) ("Pursuant to the Sentencing Guidelines, sentencing courts must consider relevant conduct in calculating a defendant's advisory sentencing range, including 'all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction.' U.S.S.G. § 1B1.3(a)(2). The Sentencing Guidelines make it clear that '[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.' *Id.* § 2D1.1 cmt. n.5." (ellipsis and brackets in original)). Accordingly, it matters not that Petitioner's "[I]ndictment does not specifically

---

[6](...continued)
from Petitioner to do so, the United States should concede relief on this claim prior to any hearing. The setting of an evidentiary hearing also will necessitate appointment of new counsel for Petitioner. <u>See</u> Rule 8(c), Rules Governing Sect. 2255 Proceedings.

15

state that [he] conspired to distribute 1,974.8 grams of cocaine hydrochloride and 7 grams of methamphetamine" (Docket Entry 204 at 8).  Moreover, the 57-month prison sentence imposed in this case did not exceed the statutory maximum prison term of 20 years authorized upon conviction for conspiracy to distribute any amount of cocaine hydrochloride, see 21 U.S.C. §§ 841(b)(1)(C), 846. Simply put, no constructive amendment occurred in this case.

<u>Ineffective Assistance – Failure to Investigate/Advise</u>

Petitioner additionally has alleged that his counsel acted ineffectively by "fail[ing] to properly & timely investigate [the] case and comply with the[] requirements of [outlining the strengths and weaknesses of the case and providing an estimate of Petitioner's sentencing exposure at trial] . . . ." (Docket Entry 204 at 9.)  The Court should deny relief on that claim for at least two reasons.  First, Petitioner "make[s] general reference to investigating the matter further . . ., but has provided nothing to show that more investigation would have produced a different result.  [He] has provided only conclusory allegations which meet neither the error nor the prejudice prong of the *Strickland* analysis." <u>Cano</u>, 2009 WL 3526564, at *3.  Second, as detailed in a prior subsection, Petitioner has conceded that he does not wish to go to trial (but instead to obtain a plea that guarantees him a lesser sentence) (<u>see</u> Docket Entry 204 at 10), such that he cannot establish prejudice in connection with any alleged inadequate

16

advice about the merits of the case or the sentence a conviction at trial would have carried, see Hill, 474 U.S. at 59.

### Ineffective Assistance – Failure to Disclose Plea Offer

Lastly, Petitioner would have the Court grant collateral relief based on his contention that his counsel rendered ineffective assistance by "withh[o]ld[ing] the fact that [Petitioner] would have been allowed to plead guilty to 37 months under [a] Fed. R. Crim. P. Rule 11-c-1-c plea." (Docket Entry 204 at 10.)[7]  In that regard, Petitioner has averred that his "counsel admitted to [Petitioner] after his sentencing [that the United States would have agreed to such a plea]." (Id.)  "The failure of counsel to communicate a plea offer may constitute ineffective assistance of counsel." United States v. Mitchell, 484 F. App'x 744, 745 (4th Cir. 2012); see also United States v. Ray, 547 F. App'x 343, 345 (4th Cir. 2013) ("[I]n order to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have

_____

[7] The rule referenced by Petitioner states that, "[i]f the defendant pleads guilty . . ., the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition . . . [and that agreement] binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C) (internal parenthesis omitted); see also Fed. R. Crim. P. 11(c)(3)(A) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.").

accepted the earlier plea offer had he been afforded effective assistance of counsel. Additionally, a defendant must show that 'if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented.'" (internal citation omitted) (quoting <u>Missouri v. Frye</u>, 566 U.S. 133, 148 (2012))). Generally, in this context, "an evidentiary hearing [i]s required in order to make the factual findings necessary to rule on [the petitioner's claim and a] district court's failure to hold [such a hearing i]s an abuse of its discretion." <u>Mitchell</u>, 484 F. App'x at 745. As a result, the Court should order an evidentiary hearing regarding Petitioner's final ineffective assistance of counsel claim (where the United States will have a full and fair opportunity to respond).

CONCLUSION

The United States timely responded to Petitioner's Section 2255 Motion and all but two of his claims (including those claims raised for the first time in his Reply) fail as a matter of law.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 180) and his Motion for Default Judgment (Docket Entry 195) be denied without a certificate of appealability, except that the Court should order an evidentiary hearing on Petitioner's claims

18

(raised for the first time in his Reply) that his counsel provided ineffective assistance when she (1) "fail[ed] to raise th[e] issue [of a Minor Role reduction under U.S.S.G. § 3B1.2(b)] on 'Direct Appeal' even-though [Petitioner] requested that [counsel] do so" (Docket Entry 204 at 5), and (2) "withheld the fact that [Petitioner] would have been allowed to plead guilty to 37 months under [a] Fed. R. Crim. P. Rule 11-c-1-c plea" (<u>id.</u> at 10).

        /s/ L. Patrick Auld       

**L. Patrick Auld**
**United States Magistrate Judge**

June 23, 2017